IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANN ELIZABETH HOWARD, et al.,

    Plaintiffs,

    v.

GREGORIO FELICIANO, et al.,

    Defendants.

CIVIL NO. 05-1928 (RLA)

**ORDER IN THE MATTER OF DEFENDANTS' PARTIAL MOTION TO DISMISS**

Defendants have moved the Court to dismiss the claims asserted under the Individuals with Disabilities Education Act of 1970 ("IDEA") as well as those based on tort. The Court having reviewed the pleading as well as the arguments filed by the parties hereby rules as follows.

**BACKGROUND**

Plaintiffs are the parents of the minor ROBERT ALMODOVAR HOWARD suing on their own behalf and in representation of their son. Named defendants are GREGORIO FELICIANO, the PUERTO RICO DEPARTMENT OF EDUCATION ("DOE") through its Secretary and the COMMONWEALTH OF PUERTO RICO ("COMMONWEALTH") through its Governor.

Plaintiffs assert claims under the IDEA, 40 U.S.C. § 1400, 42 U.S.C. § 1981, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d and our local tort statute, Laws of P.R. Laws Ann. tit. 31 § 5141 (1990).

**CIVIL NO. 05-1928 (RLA)**                                             **Page 2**

According to the complaint, during the school year 2002-2003 the ALMODOVARs enrolled their son in seventh grade at the DOE's "20 de Septiembre de 1988" school in Vieques. School officials were opportunely informed that ROBERT suffered from Attention Deficit Hyperactivity Disorder ("A.D.H.D.") and Asperger's Syndrome (a high functioning form of autism) which entitled him to special education program services. ROBERT had been a special education student since first grade in stateside schools and had adequately performed until attending FELICIANO's math class.

In addition to a discriminatory grading system,[1] the complaint relates the abusive harassment ROBERT was constantly subjected to by FELICIANO due to his national origin to the point where the parents were forced to request a restraining order because they feared for his personal safety after their grievances had gone unanswered by the DOE officials. Lastly, the ALMODOVARs aver they were forced to take their son back to the United States to avoid further damages. Plaintiffs further aver that defendants failed to comply with the duties imposed by IDEA.

Plaintiffs seek relief for their mental suffering as well as compensatory and punitive damages.

---

[1] The minor was labeled by the teacher as "el gringo" and because of his nationality was given a C grade even though his test scores were A.

**CIVIL NO. 05-1928 (RLA)**                                                              **Page 3**

### STANDARD RULE 12

In disposing of motions to dismiss pursuant to Rule 12(b)(6) Fed. R. Civ. P. the court will accept all factual allegations as true and will make all reasonable inferences in plaintiff's favor. Frazier v. Fairhaven School Com., 276 F.3d 52, 56 (1st Cir. 2002); Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); Berezin v. Regency Sav. Bank, 234 F.3d 68, 70 (1st Cir. 2000); Tompkins v. United Healthcare of New England, Inc., 203 F.3d 90, 92 (1st Cir. 2000).

Our scope of review under this provision is a narrow one. Dismissal will only be granted if after having taken all well-pleaded allegations in the complaint as true, the court finds that plaintiff is not entitled to relief under any theory. Brown v. Hot, Sexy and Safer Prods., Inc., 68 F.3d 525, 530 (1st Cir. 1995) *cert. denied* 116 S.Ct. 1044 (1996); Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994). Further, our role is to examine the complaint to determine whether plaintiff has adduced sufficient facts to state a cognizable cause of action. Alternative Energy, 267 F.3d at 36. The complaint will be dismissed if the court finds that under the facts as pleaded plaintiff may not prevail on any possible theory. Berezin, 234 F.3d at 70; Tompkins, 203 F.3d at 93.

### IDEA

The stated purpose of IDEA is to ensure children with disabilities are guaranteed a free and appropriate public education

**CIVIL NO. 05-1928 (RLA)**                                                          **Page 4**

("FAPE"). 20 U.S.C. § 1400(d)(1)(A). As part of the process, an IEP[2] Team must convene to determine whether a child has a disability as contemplated by the statute; evaluate his/her needs for special education services and prepare the corresponding IEP. §§ 1414(d)(1)(A) & (B). In order to ensure compliance with the statute, state and local education agencies receiving related federal funds must guarantee certain procedural safeguards provided for in IDEA. Further, the parents' participation in the decisional process affecting their children's education is assured. Dissatisfied parents have available an administrative procedure to vent their complaints which eventually may culminate in court. *See*, § 1415(i)(2). *See also*, Smith v. Fitchburg Public Sch., 401 F.3d 16, 21 (1st Cir. 2005); Frazier, 276 F.3d at 58.

In support of their request for dismissal of the IDEA claim, defendants point out that the statute does not allow for the damages sought in the complaint.

"It is black letter law that punitive damages - indeed money damages of any sort - are not available in a private suit under the IDEA." Diaz-Fonseca v. Puerto Rico, 451 F.3d 13, 28 (1st Cir. 2006). "IDEA's primary purpose is to ensure FAPE, not to serve as a tort-like mechanism for compensating personal injury." Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 125 (1st Cir. 2003). *See also*, Frazier, 276

---

[2] Individualized education program prepared under § 1414(d).

**CIVIL NO. 05-1928 (RLA)**                                    **Page 5**

F.3d at 59 ("the array of damages available under the IDEA does not include money damages").

The statute, however, allows for reimbursement of expenses incurred by parents in procuring the services incorrectly denied by the DOE. "[T]ort-like money damages, as opposed to compensatory equitable relief, are not available under IDEA. Awards of compensatory education and equitable remedies that involve the payment of money, such as reimbursements to parents for expenses incurred on [sic] private education services to which their child was later found to have been entitled, remain available". Nieves-Marquez, 353 F.3d at 124.

Accordingly, we agree that plaintiffs may not seek compensation for emotional suffering or punitive damages under the IDEA.[3] Any relief awarded under this statute shall be limited to reimbursement of those expenses warranted by defendants' dereliction of their obligations under IDEA to provide the minor a FAPE.

Defendants further argue that plaintiffs are not entitled to tuition reimbursement in this case because the complaint fails to: (1) specify that plaintiffs complied with their obligations under IDEA to seek a FAPE or (2) point to the alternatives offered by the IEP Team. We disagree. Apart from an extensive and minute description of the parents' efforts to get the school officials to address the

---

[3] This ruling does not address plaintiffs' entitlement to compensatory and/or punitive damages under either Title VI or § 1981.

**CIVIL NO. 05-1928 (RLA)**                                                  **Page 6**

situation which the school officials acknowledged existed - ranging from the school principal all the way to the DOE Legal Division - specific breach of the DOE's obligations under IDEA appear listed at ¶ 47 of the complaint.

### TORTS

Defendants raise the Eleventh Amendment immunity defense to the claims asserted under Puerto Rico's tort provisions.

The Eleventh Amendment to the United States Constitution[4] bars the commencement and prosecution in federal court of suits claiming damages brought against any state, including Puerto Rico, without its consent. <u>Fresenius Med. Care Cardiovascular Res., Inc. v. Puerto Rico and Caribbean Cardiovascular Ctr. Corp.</u>, 322 F.3d 56, 61 (1st Cir. 2003); <u>Futura Dev. v. Estado Libre Asociado</u>, 144 F.3d 7, 12-13 (1st Cir. 1998); <u>In re San Juan Dupont Plaza Hotel Fire Lit.</u>, 888 F.2d 940, 942 (1st Cir. 1989); <u>Ramírez v. P.R. Fire Serv.</u>, 715 F.2d 694, 697 (1st Cir. 1983); <u>Fernández v. Chardón</u>, 681 F.2d 42, 59 n.13 (1st Cir. 1982).

Plaintiffs having failed to contest defendants' allegations, we deem the DOE to be an arm of the state and consequently, also immune

---

[4] The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

**CIVIL NO. 05-1928 (RLA)** **Page 7**

from suit in the federal courts by virtue of the Eleventh Amendment. *See*, Diaz-Fonseca, 451 F.3d at 34 ("This court has assumed without discussion that the DOE's Eleventh Amendment immunity is coextensive with that of the Commonwealth's") and cases cited therein.

Additionally, suits filed against government officials in their official capacity are deemed actions against the state since the real party in interest is the government and not the official. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-102, 104 S.Ct. 900, 908-909, 79 L.Ed.2d 67, 79 (1984). *See*, Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) (Eleventh Amendment immunity applies even in those cases where the state has not been nominally included in the suit); Will v. Mich. Dep't of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (suits against officers in their official capacity for damages are tantamount to actions directly against the state).

However, this doctrine does not shield codefendant FELICIANO from damages in his personal capacity. *See*, Redondo-Borges v. U.S. Dep't of Housing and Urban Dev., 421 F.3d 1, 7 (1st Cir. 2005) (Eleventh Amendment does not "bar relief (whether in the form of money damages or an injunction) against the commonwealth defendants in their individual capacities.")

Accordingly, we find that the COMMONWEALTH, the DOE and their respective commanding authorities named in their official capacity

**CIVIL NO. 05-1928 (RLA)** **Page 8**

are immune from tort liability in this case pursuant to the Eleventh Amendment.

**CONCLUSION**

Based on the foregoing, defendants' Motion (docket No. **22**)[5] is disposed of as follows:

- The request to dismiss the IDEA claim is **DENIED**. However, relief pursuant to this statute shall be limited to reimbursement of appropriate expenses under IDEA.
- The request to dismiss the tort claim pursuant to Eleventh Amendment immunity is **GRANTED** but limited to the COMMONWEALTH, the DOE and their respective principal officers in their official capacity.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 28th day of September, 2007.

                                              S/Raymond L. Acosta
                                              RAYMOND L. ACOSTA
                                    United States District Judge

---

[5] *See*, Reply (docket No. **29**).