IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANN ELIZABETH HOWARD, et al,

    Plaintiffs,

    v.                                CIVIL NO. 05-1928 (RLA)

GREGORIO FELICIANO, et al.,

    Defendants.

## FINAL JURY INSTRUCTIONS

### PRELIMINARY/GENERAL

### DUTY OF JURY TO FIND FACTS & FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the lawyers, it is my duty to instruct you on the law which applies to this case.

These instructions will be in three parts: first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of law you must apply, that is, what the plaintiff must prove to make the case; and third, some rules for your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You are bound to accept the rules of law as I give them to you whether you agree with them or not. And you must not be influenced

**CIVIL NO. 05-1928 (RLA)**                                    **Page 2**

by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  And you must not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return - that is a matter entirely for you to decide.

**CIVIL NO. 05-1928 (RLA)**                                          **Page 3**

## BURDEN OF PROOF

At the beginning of the case, I told you that the plaintiff has the burden of proving the case by a preponderance of the evidence. That means that the plaintiff has to produce evidence which, considered in the light of all the facts, leads you to believe that what the plaintiff claims is more likely true than not.  To put it differently, if you were to put the plaintiff's and defendant's evidence on opposite sides of the scales, the plaintiff would have to make the scales tip slightly on that side.  If the plaintiff fails to meet this burden, the verdict must be for the defendant.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt.  That is a stricter standard, i.e., it requires more proof than a preponderance of evidence.  The reasonable doubt standard does not apply to a civil case and you should therefore put it out of your mind.

---

### EVIDENCE


The evidence from which you are to decide what the facts are consists of:

1.    The sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witnesses;

2.    The exhibits which have been received into evidence.

**CIVIL NO. 05-1928 (RLA)**                                                    **Page 5**

---

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence and you may not consider them in deciding what the facts are.  I will list them for you:

1.  Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by any of the objections or by the court's ruling on any of them.

3.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received in this trial.

**CIVIL NO. 05-1928 (RLA)**                                    **Page 6**

---

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.  You are entitled to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

It is for you to decide whether a fact has been proved by circumstantial evidence.  In making this decision, you must consider all the evidence in the light of reason, common sense, and experience.

CIVIL NO. 05-1928 (RLA)                                          **Page 7**

---

### CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all the evidence.  In doing this, you must decide which testimony to believe and which testimony not to believe.  You are the sole judges of the credibility, or believability, of each witness.  You must decide for yourselves whether to believe the testimony of any witness.  You may believe all or any part or nothing of what a witness said while on the stand.  In determining whether to believe any witness, you should apply the same tests of truthfulness which you apply in your own everyday affairs.  In doing this, you may take into account a number of factors including the following:

1.  Was the witness able to see, or hear, or know the things about which that witness testified?

2.  How well was the witness able to recall and describe those things?

3.  What was the witness' manner while testifying?

4.  Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case?

5.  How reasonable was the witness' testimony considered in light of all the evidence in the case?

6.  Was the witness' testimony contradicted by what that witness has said or done at another time, or by the testimony of another witness, or by other evidence?

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things.  You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

These are some of the factors you may consider in deciding whether to believe testimony:

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other.  You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other.

All of these are matters for you to consider in finding the facts.

**LIABILITY**

**TITLE VI**

**CLAIMS AGAINST THE COMMONWEALTH OF PUERTO RICO
AND THE P.R. DEPARTMENT OF EDUCATION**

Plaintiff alleges discrimination against the COMMONWEALTH OF PUERTO RICO and THE P.R. DEPARTMENT OF EDUCATION for breach of the provisions of Title VI of the Civil Rights Act.

**CIVIL NO. 05-1928 (RLA)**                                      **Page 10**

---

### TITLE VI

**COMMONWEALTH OF PUERTO RICO & DEPARTMENT OF EDUCATION AGENTS**


You are hereby instructed that the defendants COMMONWEALTH OF PUERTO RICO and the PUERTO RICO DEPARTMENT OF EDUCATION within the meaning of the law, can only act through their officers, agents and/or employees. Consequently, any act or omission by an officer, agent and/or employee of the government defendants in the performance of his or her duties is deemed to be an act of the pertinent agency or Government.

CIVIL NO. 05-1928 (RLA)                                    **Page 11**

---

## TITLE VI

## THE STATUTE

Title VI of the Civil Rights Act, 42 U.S.C. § 2000d, provides:

> No person in the United States shall, on the ground of race, color or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

**CIVIL NO. 05-1928 (RLA)**                                      **Page 12**

---

## TITLE VI - JUDICIAL NOTICE

### DEPARTMENT OF EDUCATION RECIPIENT OF FEDERAL FUNDS

The parties have stipulated that, for purposes of the claims asserted by plaintiff pursuant to Title VI, THE PUERTO RICO DEPARTMENT OF EDUCATION is a recipient of federal funds.

## TITLE VI - INTENTIONAL DISCRIMINATION

Title VI prohibits only intentional discrimination of persons participating in a program or activity receiving federal financial assistance.

**CIVIL NO. 05-1928 (RLA)**                                          **Page 14**

---

### TITLE VI - ELEMENTS OF CAUSE OF ACTION

In order to prevail in this claim, plaintiff must establish that:

1.   Plaintiff was a student,

2.   Who was subjected to discrimination,

3.   Based upon his race or national origin,

4.   The discrimination was sufficiently severe and pervasive as to create an abusive educational environment and

5.   A school official authorized to take corrective action had actual knowledge of the harassment yet failed to take corrective action.

**CIVIL NO. 05-1928 (RLA)**                                    **Page 15**

---

### TITLE VI - HARASSMENT

In order for plaintiff to establish his discriminatory harassment claim he must prove, by a preponderance of the evidence that:

1.   He was subjected to discriminatory harassment by his teacher, GREGORIO FELICIANO

2.   This alleged conduct was so severe, pervasive and objectively offensive to a reasonable person that it effectively deprived plaintiff of equal access to the educational opportunities or benefits provided by his school;

3.   An appropriate official at the educational institution had actual knowledge of the harassment, and

4.   The institution's response amounted to deliberate indifference to the known discriminatory harassment.

CIVIL NO. 05-1928 (RLA)                                        **Page 16**

## TITLE VI - DELIBERATE INDIFFERENCE

Deliberate indifference means that the institution's response to the harassment or lack of response was clearly unreasonable in light of all the known circumstances.

Title VI requires the institution to initiate corrective measures to address discrimination and failure to do so amounts to deliberate indifference to the discrimination.

Once a school knows of discriminatory harassment of students, it must take steps to correct the harassment and resolve the situation. A school should take immediate and appropriate steps to investigate or otherwise determine what occurred and take steps reasonably calculated to end any harassment, eliminate a hostile environment if one has been created, and prevent them from occurring again.

CIVIL NO. 05-1928 (RLA)                                        **Page 17**

---

### TITLE VI - HARASSMENT TANTAMOUNT TO HOSTILE ENVIRONMENT

In order to prevail in a discriminatory hostile school environment claim plaintiff must establish that the complained-of conduct was so severe or pervasive that it altered the terms of his education. There is no mathematically precise test that can be used to determine when this burden has been met, instead, the allegations must be evaluated as well as all the circumstances, considering the frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interfered with the student's performance.

The harassment must be objectively and subjectively offensive, one that a reasonable person would find hostile and abusive, and one that the victim in fact did perceive to be so. In determining whether a reasonable person would find particular conduct hostile or abusive, you must mull the totality of the circumstances, including factors such as the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interfered with the student's performance. The thrust of this inquiry is to distinguish between the ordinary, if occasionally unpleasant, vicissitudes of the school setting and actual harassment.

**CIVIL NO. 05-1928 (RLA)**                                      **Page 18**

### TITLE VI - GOVERNMENT LIABILITY - NOTICE & INDIFFERENCE

Defendants THE COMMONWEALTH OF PUERTO RICO and THE PUERTO RICO DEPARTMENT OF EDUCATION may be found liable under Title VI if notice of the events was given to a school and/or agency official who was capable of taking the necessary action to end the discriminatory conduct yet exhibited deliberate indifference to the situation.

In other words, liability attaches under Title VI if an official who at a minimum had authority to address the alleged discrimination and to institute corrective measures on behalf of the school and/or agency had actual knowledge of the discrimination and failed to adequately respond.

**CIVIL NO. 05-1928 (RLA)**                                    **Page 19**

---

### NEGLIGENCE

### THE STATUTE - ART. 1802

Plaintiff alleges that GREGORIO FELICIANO is liable for negligence pursuant to art. 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141.

This provision reads:

> A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair th damage so done. Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity.

**CIVIL NO. 05-1928 (RLA)**                                          **Page 20**

---

### NEGLIGENCE

### ELEMENTS

In order to find the defendant GREGORIO FELICIANO liable under art. 1802 you must find that:

1.   Defendant was negligent, and

2.   Such negligence was in fact the proximate cause of plaintiff's injury or damages.

An injury or damage is proximately caused by an act or a failure to act whenever it appears from the preponderance of the evidence in the case, that such act or omission actually caused the injury or damages complained of.

**CIVIL NO. 05-1928 (RLA)**                                      **Page 21**

---

**NEGLIGENCE**

**PROXIMATE CAUSE**


     Injuries or damages are proximately caused by an act or omission whenever it appears from the evidence that the act or omission played a substantial role in bringing about or actually causing those injuries or damages. The injury or damage must be either a direct result or a reasonably probable consequence of the act or omission.

CIVIL NO. 05-1928 (RLA)                                        **Page 22**

---

### TRANSITION TO DAMAGES

### COMPENSATORY DAMAGES

If you find any of the defendants liable for any of the claims asserted, you may award compensatory damages only for injuries that the plaintiff proves were caused by defendants' allegedly wrongful conduct.  The damages that you award must be fair compensation, no more and no less.

You may award compensatory damages for emotional pain, suffering, fear, anxiety, inconvenience, and mental anguish if you find that these were caused by the defendants.

No evidence of monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence.  There is no exact standard for fixing the compensation to be awarded for these elements of damage.  Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, may not award damages based on sympathy, speculation, or guess work.  On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

**CIVIL NO. 05-1928 (RLA)**                                    **Page 23**

---

### DAMAGES INSTRUCTION - NOT OBLIGATION TO AWARD

The fact that I have instructed you on the proper measure of damages should not be considered as an indication of any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given only for your guidance, in the event that you find in favor of plaintiff on the question of liability.

CIVIL NO. 05-1928 (RLA)                                      **Page 24**

---

### DUTY TO DELIBERATE

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.   It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own view, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans.  You are the judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.